WILLIAM RIPLEY *et al.*

*v.*

THE PEOPLE'S SAVINGS BANK *et al.*

*Filed at Ottawa January 25, 1887.*

EVIDENCE—*as showing ownership of funds garnisheed.* The proceeds of the sale of certain railroad ties and cedar posts were garnisheed, in an attachment suit, as belonging to the defendant in attachment. The same fund was claimed by a bank, by way of interpleader. A written contract between the bank and the defendant, under which the bank furnished the defendant the means with which to procure such ties and posts, and by which it was agreed how they should be got out, by whom, and when they should be sold for the reimbursement of the bank, and that the proceeds should belong to the bank, was held properly admissible in evidence on the trial of the issue upon such plea, together with other evidence, for the purpose of showing to whom the funds attached belonged.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SCHUYLER & KREMER, for the plaintiffs in error.

Mr. DAVID SULLIVAN, and Mr. JAMES T. KEENA, for the defendant in error the People's Savings Bank.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

It appears from the transcript of the record in this case, that William Ripley and Bradford W. Ripley commenced a suit in attachment against John Monaghan, and that certain parties were served with process, as garnishees. The suit progressed to judgment against the attachment debtor. The garnishees answered the interrogatories filed, admitting that certain sums of money were in their hands, and stating the sources from whence derived, and all the facts within their knowledge concerning the title or right to such funds. After-

wards, the People's Savings Bank of Michigan, interpleading, claimed the funds admitted to be in the hands of the garnishees, as their rightful property. On the trial, the Superior Court found the moneys belonged to the interpleading claimant, and so rendered its judgment. That judgment was affirmed in the Appellate Court for the First District, and the attachment plaintiffs bring the case to this court on error.

The only question made in this court is as to the admissibility of certain evidence offered by and received on behalf of the interpleading claimant. The cause was submitted to the court for trial, without the intervention of a jury, and it seems that much of the testimony, and perhaps all of it, was received by the court, subject to any objection that could be raised to it.

The evidence objected to, consists, principally, of two exhibits attached to the depositions of certain witnesses whose testimony was taken on behalf of the interpleader, and two writings, designated as "bills of lading." The latter papers are of no importance, one way or the other, and no discussion will be had in regard to them. The exhibits read in evidence are contracts between parties getting out cedar posts and railroad ties, and the provisions of these contracts show how and in what manner the posts and ties were to be got out, by whom, where to be sold, and to whom the proceeds which might be realized from the sales should be paid. It matters little what definition shall be given to either of these exhibits, whether defined as a chattel mortgage or a simple contract. It is plain, their provisions show to whom the money to be derived from the sales of posts and ties under such contracts was to be paid. The funds in the hands of the garnishees were moneys derived from the sale of posts and ties. Of this fact in the case no controversy is made. It would seem, therefore, to be evident, these contracts were proper evidence to be considered by the court, in connection with the other testimony offered on the question whether the funds attached

belonged to the interpleading claimant or to the attachment debtor. In this view, there was no error in admitting these contracts in evidence.

It was purely a question of fact to whom the funds attached belonged, and the finding of the issue in that regard by the Appellate Court, against the attachment plaintiffs, as was done by its judgment, this court is precluded, by the statute, from investigating further that point in the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*